IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Vivian L. Bransteter, et al.                              Case No. 3:06 CV 1766

                Plaintiffs                              O R D E R

          -vs-                                              JUDGE JACK ZOUHARY

George W. Moore, et al.,

                Defendants

Plaintiffs filed a Motion for Clarification (Doc. No. 89) asking the Court whether they may seek punitive damages for their newly joined claim for Spoliation.

The Ohio Supreme Court has recognized a cause of action exists for "intentional or negligent spoliation of evidence and/or tortious interference with prospective civil litigation." *Smith v. Howard Johnson Co.*, 67 Ohio St. 3d 28, 29 (1993). The Court set forth the following elements for the claim: "(1) pending or probable litigation involving the plaintiff, (2) knowledge on the part of defendant that litigation exists or is probable, (3) willful destruction of evidence by defendant designed to disrupt the plaintiff's case, (4) disruption of the plaintiff's case, and (5) damages proximately caused by the defendant's acts." *Id.* Ohio courts have also recognized the availability of punitive damages for spoliation of evidence "upon a showing of actual malice," which in the seminal *Moskovitz* case consisted of "[a]n intentional alteration, falsification or destruction of medical records by a doctor, to avoid liability for his or her medical negligence. *Moskovitz v. Mt. Sinai Med. Ctr.*, 69 Ohio St. 3d

638, 653 (1994). The Supreme Court of Ohio has applied punitive damages under *Moskovitz* to other types of torts. *Davis v. Wal-Mart Stores, Inc.*, 93 Ohio St. 3d 488, 491 n. 1 (2001).

In any tort action, the plaintiff must meet the requirements of Ohio Revised Code § 2315.21(C)(1), which is the same standard found in *Moskovitz*: "The actions or omissions of that defendant demonstrate malice or aggravated or egregious fraud, or that defendant as principal or master knowingly authorized, participated in, or ratified actions or omissions of an agent or servant that so demonstrate." The plaintiff must meet this burden by clear and convincing evidence. Ohio Revised Code § 2315.21(D)(4).

This Court already found in its June 25, 2008 Order (Doc. No. 87) that "[t]he missing driver's log for the week before the accident . . . alone cannot support a punitive award." The Court further found "reasonable minds cannot differ that Defendants did not display a conscious disregard under the Ohio Revised Code § 2315.21 standard of clear and convincing evidence." Although this decision is interlocutory and subject to revision before entry of final judgment, *see* Federal Civil Rule 54(b), the Court has determined as a matter of law that Defendants did not act with "conscious disregard," which is a lesser standard than "actual malice."

Accordingly, punitive damages are not available for the spoliation cause of action based on the Record presently before the Court. Barring discovery of additional evidence, Plaintiff cannot seek punitive damages.

IT IS SO ORDERED.

                                                     s/ *Jack Zouhary*
                                                     JACK ZOUHARY
                                                     U. S. DISTRICT JUDGE

August 1, 2008