IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Vivian L. Bransteter, et al. | Case No. 3:06 CV 1766 |
| Plaintiffs | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| George W. Moore, et al., | |
| Defendants. | |

## INTRODUCTION

This Court has jurisdiction over this diversity action under 28 U.S.C. § 1332. Plaintiffs are citizens of Ohio, Defendants are a Wisconsin citizen and Wisconsin corporation, and the matter in controversy exceeds $75,000.

Plaintiffs request the Court reconsider its Order (Doc. No. 87) granting Defendants' Motion for Partial Summary Judgment and the dismissal of Plaintiff's loss of consortium claim (Doc. No. 84). In light of prevailing Ohio law, this Court declines to revive this claim. Also, the facts do not warrant a certification of the issue to the Ohio Supreme Court.

## DISCUSSION

The motor vehicle accident involved in this case occurred while the injured Plaintiff Trisha and her current husband, Plaintiff Nathan, were engaged, but not married. Plaintiffs allege they learned of Trisha's inability to conceive children after the marriage, and that this injury was

proximately caused by the motor vehicle accident. Nathan brought a loss of consortium claim resulting from Trisha's inability to conceive.

Plaintiffs request this Court either adopt a new rule allowing loss of consortium claims of spouses where the tortious act and injury preceded the marriage, or in the alternative, to join a minority of other state jurisdictions in allowing a limited loss of consortium claim for pre-marriage injuries that are latent and undiscovered until after the marriage.

It is well settled Ohio law that a loss of consortium claim cannot arise without a pre-existing marital relationship. *Haas v. Lewis*, 8 Ohio App.3d 136 (1982). Plaintiffs request this Court deviate from *Haas* and broaden the loss of consortium cause of action in Ohio.

In the course of this request, Plaintiffs suggest that the current trend is to allow a loss of consortium claim for an injury caused before marriage but discovered after marriage. The prevailing trend is not so clear-cut as Plaintiffs would suggest. Twelve states and the District of Columbia have considered the issue. Nine have allowed such claims;[1] four have declined to allow such claims.[2] The remaining thirty-eight states follow the dominant common law rule that the husband and wife must be married at the time of the accrual of the underlying claim, otherwise a loss of consortium claim

---

[1] *Stager v. Schneider*, 494 A.2d 1307 (D.D.C. 1985); *Baughn v. Eli Lilly & Co.*, 356 F. Supp. 2d 1177 (D. Kan. 2005); *Aldredge v. Whitney*, 591 So.2d 1201 (La. Ct. App. 1991); *Owens-Illinois v. Gianatti*, 813 A.2d 280, 294-300 (Md. Ct. Spec. App. 2003); *Furby v. Raymark Indus., Inc.*, 397 N.W.2d 303 (Mich. Ct. App. 1986); *Kociemba v. G.D. Searle & Co.*, 683 F. Supp. 1577 (D. Minn. 1988); *Friedman v. Klazmer*, 718 A.2d 1238, 1240-41 (N.J. Super. Ct. Law Div. 1998); *Vasquez v. Friedberg*, 637 A.2d 300, 301-02 (Pa. Super. Ct. 1994); *Green v. A.P.C.* (Am. Pharm. Co.), 960 P.2d 912, 918-19 (Wash. 1998).

[2] *Zwicker v. Altamont*, 98 Cal. App. 4th 26 (Cal. Ct. App. 2002); *Fullerton v. Hospital Corp. of Am.*, 660 So.2d 389 (Fla. Dist. Ct. App. 1995); *Doe v. Cherwitz*, 518 N.W.2d 362 (Iowa 1994); *Anderson v. Eli Lilly & Co.*, 79 N.Y.2d 797 (N.Y. 1991).

cannot exist. *See, e.g.*, *Sostock v. Reiss*, 415 N.E.2d 1094 (Ill. App. Ct. 1980); *Sawyer v. Bailey*, 413 A.2d 165 (Me. 1980); *Haas v. Lewis*, 8 Ohio App.3d 136 (1982).

There are three traditionally stated policies behind the common law rule. First, a person should not be allowed to marry a cause of action. Second, a spouse assumes the risk of pre-marital injuries upon marriage. And third, a contrary rule would lead to a regime of near-unlimited liability. *See Stager v. Schneider*, 494 A.2d 1307, 1315-16 (D.D.C. 1985). In many of the cases where courts of other states have adopted the more expansive rule, some or all of these policy considerations were not present, given the specific fact situations. In those cases, both the injury, as well as the **cause** of the injury were unknown, and unknowable, to the uninjured spouse or both spouses prior to marriage. *See, e.g. Stager v. Schneider*, 494 A.2d 1307, 1316 (D.D.C. 1985); *Friedman v. Klazmer*, 718 A.2d 1238, 1241 (N.J. Super. Law Div. 1998). Where both the injury and the cause are unknowable at the time of marriage, it would be illogical to say that the uninjured spouse is marrying into a cause of action, or that he or she ought to assume the risk of deprivation due to disability prior to marriage. Such fact situations also would be arguably rare enough to avoid the danger of near-unlimited liability.

In the current situation, the specific alleged injury -- Trisha Bransteter-Knapke's inability to conceive children -- was not known at the time of her marriage to Nathan Knapke. However, the motor vehicle accident, which is the alleged cause of that injury (and other known injuries), was known to both Trisha and her then fiancee Nathan prior to their marriage. Where the specific injury was unknown prior to marriage, but the cause of that unknown injury was known, the traditional policy considerations requiring a pre-existing marital relationship still seem to apply.

## CONCLUSION

For these reasons, and on this Record, the Court declines to broaden the Ohio consortium law and confirms the denial of Nathan Knapke's loss of consortium claim.

IT IS SO ORDERED.

                                                s/ *Jack Zouhary*
                                                JACK ZOUHARY
                                                U. S. DISTRICT JUDGE

                                                September 30, 2008